**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JAMES T. CHAO, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00312-ALM- |
| v. | § | CAN |
| | § | |
| CITY OF PLANO, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants' Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) [Dkt. 24]. After reviewing the Motion, and all other relevant filings, the Court recommends Defendants' Motion to Dismiss be **GRANTED**, and Plaintiff's claims be **DISMISSED WITH PREJUDICE** as set forth herein.

**BACKGROUND**

On April 19, 2021, *pro se* Plaintiff James T. Chao ("Plaintiff") filed the instant action against Defendants the City of Plano, Texas ("the City" or "Plano"), City Manager Mark Israelson ("Israelson"), Director of Neighborhood Services Lori Schwarz ("Schwarz"), Property Standards Manager Scott Lussier ("Lussier"), and Property Standards Specialist Kyle Watson ("Watson") (collectively, "Defendants") [Dkt. 1]. This case arises out of the 2016 Orders issued by the Plano Building Standards Commission that Plaintiff's residence is substandard, unsafe, and unfit for human occupancy and directing its demolition. The instant cause is the latest in a string of lawsuits filed by Plaintiff related to the Commission's findings regarding his residence.[1]

---

[1] The Court properly takes judicial notice of Plaintiff's prior proceedings, herein, as "[t]he proceedings at issue are capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system, and the public record of filings in those cases cannot reasonably be

*Plaintiff's Amended Complaint – the Live Pleading*

The Court reviewed Plaintiff's original complaint upon filing and found it unclear what claims Plaintiff attempted to assert.[2]  Plaintiff alleges the City of Plano "destroyed the foundation of my home at 4032 Leon Drive" in Plano, Texas, and requests compensation for such destruction "based on [a] newly issued case," citing *Knick v. Township of Scott*, 139 S.Ct. 2162 (2019) [Dkt. 1 at 6].  Given the lack of clarity, the Court ordered Plaintiff to file an amended complaint.  Plaintiff was expressly directed to state the facts that are asserted as to each defendant and the factual basis for any takings claim, and to clarify whether and how Plaintiff's previous cases are related to the instant suit [Dkt. 4 at 2].  After three extensions [Dkts. 9; 12; 16], on August 25, 2021, Plaintiff filed an amended complaint – the live pleading [Dkt. 17].

The live pleading is largely illegible.  Plaintiff pleads "this is a 5th Amendment Takings case" and that he "lost [his] home of over 40 years and became homeless" [Dkt. 17 at 5-6].  Plaintiff does not allege any specific act taken by any named defendant; rather, he broadly alleges Defendants "effect[ed] a taking case on Jan 19, 2016" [Dkt. 17 at 6]; "[did] not let [him] use [his] home"; "destroy[ed] all property and home," and as a result, he suffered "stress" and possibly other physical injury (the detail provided is illegible) [Dkt. 17 at 4]; and that in taking these actions, Defendants acted "under the authority or color of state law at the time [his] claims occurred"

---

challenged." *See Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015). "Taking judicial notice" of court records, both its own and that of state courts, "does not transform [a] motion [to dismiss] into one for summary judgment." *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 993 (S.D. Tex. 2011) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)); *see also Thomas v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-112, 2016 WL 922182, at *3 (E.D. Tex. Feb. 12, 2016) (holding a court may consider filings and procedural matters in the plaintiff's state court case when analyzing a motion to dismiss because the state court proceeding is a matter of public record), *report and recommendation adopted*, No. 1:15-CV-112, 2016 WL 899870 (E.D. Tex. Mar. 8, 2016).

[2] The civil cover sheet to the Original Complaint is the clearest statement of the basis of Plaintiff's claim: this action is brought pursuant to 42 U.S.C. § 1983 for "taking [ ] based on the 5th Amendment" [Dkt. 1-1].

[Dkt. 17 at 2-3].  For relief, Plaintiff seeks $450,000 in compensation from the City [Dkt. 17 at 7]. No claim for injunctive or other equitable relief is pleaded.

As referenced *supra*, this is not Plaintiff's first foray into court regarding the alleged "taking" of his property.

### First Federal Case

On January 19, 2016, Plaintiff filed his first federal lawsuit in the Eastern District of Texas related to the Commission's January 2016 Order that his residence was substandard, unsafe, and unfit for human occupancy.  *Chao v. City of Plano Dep't of Prop. Standard* ("Chao I"), No. 4:16-CV-53, 2016 WL 3566743 (E.D. Tex. Jan. 27, 2016), *report and recommendation adopted*, No. 4:16-CV-53, 2016 WL 3542842 (E.D. Tex. June 29, 2016).  There, Plaintiff sued many of the same Defendants as here, including Schwarz, Lussier, and Watson.   On June 29, 2016, the Court dismissed for failure to exhaust, finding it lacked jurisdiction over the claims, as there was nothing in the record "to show that Plaintiff sought judicial review of the order in the state district court" as required under the Texas Local Government Code.  *Id.* at *2.

### Second Federal Case

A few months later, on November 23, 2016, Plaintiff filed his second lawsuit in the Eastern District of Texas, this time against Defendant City of Plano, Building Standards Commission. *Chao v. City of Plano, Bldg. Standards Comm'n* ("Chao II"), No. 4:16-CV-00903-ALM-KPJ (E.D. Tex. dismissed Jan. 12, 2017).  Plaintiff sought judicial review of the Commission's October 2016 Order to demolish his house, pleading a § 1983 claim for violation of his constitutional rights, and asserting that he was not allowed sufficient time to bring his home into compliance with applicable codes.  *See id.* ECF No. 1.  The Court found Chao II sought essentially the same relief as Chao I, specifically that in both cases Plaintiff took issue with the Commission's findings regarding his

residence.  Chao II was recommended for dismissal for lack of subject matter jurisdiction; however, before adoption by the District Judge, Plaintiff voluntarily dismissed the case.  *Id.* ECF Nos. 4, 8.

***State Court Case***

On December 12, 2016, Plaintiff filed his third suit, an original petition in the 401st District Court for Collin County, Texas.  *Chao vs. Plano Bldg. Standard Comm'n, City of Plano* ("Chao III"), No. 401-05450-2016 (401st Dist. Ct. Collin County, Tex. Apr. 5, 2017).  On February 16, 2017, Plano Building Standards Commission, City of Plano filed a Plea to Jurisdiction.  On April 5, 2017, the court, after hearing, granted the Plea to Jurisdiction.  On April 28, 2017, Plaintiff filed a notice of appeal.  The Fifth Court of Appeals dismissed Plaintiff's appeal for "fail[ure] to comply with the briefing requirements of our appellate rules after having been given numerous opportunities to do so."  *Chao v. Plano Bldg. Standard Comm'n*, No. 05-17-00450-CV, 2018 WL 3524672, at *2 (Tex. App.—Dallas July 23, 2018, pet. dism'd) (mem. op.).  Plaintiff failed to timely file his petition to the Supreme Court of Texas, and the court denied his motion for rehearing on January 17, 2019.  *Chao v. Plano Bldg. Standard Comm'n*, No. 18-1204 (Tex. Jan. 17, 2019).

***Defendants' Motion to Dismiss***

On September 12, 2021, Defendants filed their Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) [Dkt. 24].  The same day, Defendants filed a Motion to Stay Discovery and Rule 26 requirements pending consideration of their Motion to Dismiss considering the immunity grounds raised [Dkt. 25], which the Court granted [Dkt. 32].  On October 18, 2021, Plaintiff filed a response to Defendants' Motion [Dkt. 34] and a supplement on November 1, 2021 [Dkt. 40].[3] Defendants filed replies on October 19, 2021 [Dkt. 36] and November 8, 2021 [Dkt. 43].

---

[3] Plaintiff filed a Motion for Leave to make corrections to certain typographical errors in his supplemental response [Dkt. 44], which the Court construed as a supplement to Plaintiff's response [Dkt. 40], granting the Motion [Dkt. 48].

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss argues that the complaint fails to assert facts that give rise to legal liability of the defendant. *See* FED. R. CIV. P. 12(b)(6). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (alterations in original) (quoting FED. R. CIV. P. 8(a)(2)). "[W]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Reynolds v. City of Commerce*, 853 F. App'x 978, 979 (5th Cir. 2021) (per curiam) (quoting *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)).[4]

---

[4] In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

## ANALYSIS

Defendants move for dismissal of Plaintiff's claims under Rule 12(b)(6) on the following grounds: (1) *res judicata*; (2) statute of limitations; (3) failure to state a claim for violation of the Takings Clause; (4) failure to state a *Monell* claim; (5) qualified immunity; and (6) failure to state a claim due to lack of any personal involvement [Dkt. 24 at 4-5].[5]

### *Statute of Limitations*

Limitations may permit dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)). Dismissal is proper if the complaint affirmatively shows the plaintiff's claims are time barred and there is no basis for tolling. *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston*, 260 F. Supp. 3d 738, 786 n.26 (S.D. Tex. 2017) (quoting *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011)) ("a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling."). The forum state's general statute of limitations for personal injuries provides the applicable limitations period for § 1983 cases. *Matter of Hoffman*, 955 F.3d 440, 443 (5th Cir. 2020) (citing *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)). Considering Texas law, the § 1983 limitations period is two years. *Id.* at 444 (citing *King-White v. Humble Indep.*

---

[5] Defendants urge dismissal on numerous grounds, but they do not articulate whether these grounds must or should be addressed in any particular order. The Court addresses limitations and *res judicata* first, and finding these bases applicable, the Court does not reach certain of the alternative bases for relief asserted, including specifically qualified immunity. *See Alfano v. Skinner*, No. 4:18-CV-00312-ALM-CAN, 2020 WL 6482982, at *4 (E.D. Tex. Aug. 17, 2020), *report and recommendation adopted*, No. 4:18-CV-512, 2020 WL 5587240 (E.D. Tex. Sept. 18, 2020); *Morrill v. City of Denton*, No. 4:14CV749, 2016 WL 11472647, at *5 (E.D. Tex. July 15, 2016) ("Because the Court finds that Plaintiff's claims are barred by the statute of limitations and should be dismissed, the Court need not address Defendants' other dismissal arguments, including any qualified or other immunity defenses."), *report and recommendation adopted*, No. 4:14CV749, 2016 WL 4472776 (E.D. Tex. Aug. 25, 2016), *aff'd*, 693 F. App'x 304 (5th Cir. 2017).

*Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); TEX. CIV. PRAC. & REM. CODE § 16.003));
*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). "[This] same Texas two-year
statute of limitation applies to a federal Takings Clause claim brought under § 1983." *Perez v.
Physician Assistant Bd.*, 765 F. App'x 960, 963 (5th Cir. 2019) (citing *Redburn v. City of Victoria*,
898 F.3d 486, 496 (5th Cir. 2018)).[6]

Relevant here, while state law controls the limitations period, federal law determines the
issue of accrual. *Matter of Hoffman*, 955 F.3d at 444. Under federal law, a § 1983 claim accrues
when the plaintiff becomes aware of the injury. *See Roe v. Johnson Cnty.*, No. 3:18-CV-2497-B-
BN, 2020 WL 6576784, at *7 (N.D. Tex. July 31, 2020). "This awareness encompasses two
elements: (1) knowledge of the fact that an injury has occurred, which is not the same as knowledge
that one has a legal claim, and; (2) knowledge of the identity of the person who inflicted the
injury." *Salas v. City of Galena Park*, No. 21-20170, 2022 WL 1487024, at *8 (5th Cir. May 11,
2022) (per curiam) (citing *Piotrowski*, 51 F.3d at 516).[7]

Defendants urge Plaintiff's instant lawsuit is time barred upon a facial review of the
pleadings. The instant suit was filed on April 19, 2021. The live pleading affirmatively pleads
Plaintiff's "taking case accrued [on] Jan. 19, 2016" [Dkt. 17 at 4]. Plaintiff continues that the
Commission's January 2016 Order had the effect of "not allow[ing] me to enter my home" as of
the same date, January 19, 2016 [Dkt. 17 at 6]. Defendants advance several alternative accrual
dates as well, arguing Plaintiff undeniably had a complete cause of action (1) as of October 18,

---

[6] The same statute of limitations applies to § 1983 claims brought against municipalities under *Monell* and individual
employees. *Bell v. Stanek*, No. 14 C 6627, 2016 WL 3364786, at *2 (N.D. Ill. June 17, 2016), *aff'd sub nom. Bell v.
City of Chicago*, 694 F. App'x 408 (7th Cir. 2017).
[7] "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support
a claim." *Piotrowski*, 51 F.3d at 516. Indeed, "the accrual of the cause of action does not await the plaintiff's
recognition that he has grounds for a lawsuit, or discovery that the defendant behaved tortiously, or recognition that
the plaintiff might have a winning lawsuit." *Porter v. Charter Med. Corp.*, 957 F. Supp. 1427, 1438-39 (N.D. Tex.
Mar. 20, 1997) (internal citations omitted).

2016, the date of the Commission's Final Order of Demolition [Dkt. 24 at 13], or (2) as of December 12, 2016, when Plaintiff's State Court Lawsuit challenging the October 2016 Final Order of Demolition was filed. Whether Plaintiff's claims accrued on January 19, 2016, or on either of the later alternative dates – October 18 or December 12, 2016 – Plaintiff's claims are still undeniably time barred. *See Matter of Hoffman*, 955 F.3d at 444 ("The [plaintiffs'] attempt to skirt around this by arguing the seizure of their horses was only finalized when the justice court divested them of ownership. Yet, even accepting this logic, the record makes clear the court issued its order on July 8, 2015, and thus the [plaintiffs'] claims would still be time-barred."). Plaintiff's suit was filed years after the expiration of limitations, a finding buttressed by Plaintiff's litigation history, outlined *supra*.[8]

Plaintiff argues against this result, contending: (1) the applicable statute of limitations is 10 years pursuant to Texas's adverse possession statute; and (2) Defendants offer no evidence that his residence was demolished on April 16, 2019 [Dkts. 34 at 1; 40 at 1]. Plaintiff proffers no authority to support that the limitations period for adverse possession is applicable to the instant suit.[9] *See* TEX. CIV. PRAC. & REM. CODE § 16.026. The Fifth Circuit has definitively held that a

---

[8] Indeed, on January 19, 2016, Plaintiff filed Chao I, alleging the same injuries as here. *Chao I*, 2016 WL 3566743, at *1 ("Although his written motion is not wholly clear as to the relief requested, Plaintiff stated at the hearing that he seeks to restrain the City from taking his home away from him."). The magistrate judge held a hearing on the TRO and described the allegations in Chao I as nearly identical to those here:

> In what is the latest chapter in a long history between Plaintiff and the City of Plano regarding Plaintiff's Property, Plaintiff specifically takes issue with a January 19, 2016 Final Order of Building Standards Commission issued by the Building Standards Committee of the City of Plano. Among other findings, that order determined Plaintiff's Property to be substandard, unsafe and unfit for human occupancy and ordered all occupants to vacate it immediately.

*Chao I*, 2016 WL 3566743, at *1.

[9] The 10-year adverse possession limitation may apply to some regulatory takings. *See Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 74 (Tex. 2006) (Hecht, J. dissenting) (collecting cases) ("It is not entirely clear what statute of limitations applies to such claims" for regulatory takings). However, here, Plaintiff alleges a *physical* taking, not a *regulatory* taking. A claim for physical deprivation of property, like Plaintiff alleges here, accrues when the property itself is taken:

> [T]here are several sharp distinctions between physical takings and regulatory takings. The former "are relatively rare, easily identified, and usually represent a greater affront to individual property rights," while the latter "are ubiquitous and most of them impact property values in some

§ 1983 claim for a Fifth Amendment Takings Clause violation borrows Texas's two-year statute of limitations. *Perez*, 765 F. App'x at 963; *Redburn*, 898 F.3d at 496. As to whether the pleadings establish the home was demolished on April 16, 2019, the Court agrees they do not,[10] and Defendants acknowledge as much [Dkt. 24 at 13 n.36]. However, neither Party argues Plaintiff's claim accrued on the date of demolition. Plaintiff's litigation history clearly reflects his knowledge of the October 2016 Final Demolition Order, and its issuance by the Commission, in his State Court Action in December 2016. Considering the full record – including Plaintiff's pleadings and the court filings in the other lawsuits of which the Court takes judicial notice – Plaintiff filed his instant suit long after his claims accrued and limitations ran, and no argument for tolling is advanced. The Court recommends Plaintiff's claims be dismissed as barred by limitations.

### Res Judicata

*Res judicata* also bars Plaintiff's claims. The Court may appropriately consider whether Plaintiff's claims are barred by *res judicata* at the pleading stage when the elements of preclusion are apparent from the pleadings.[11] The concept of *res judicata*, in the broadest sense, embraces two distinct preclusion concepts: claim preclusion, often termed *res judicata*, and issue preclusion,

---

> tangential way." As a result, it is often inappropriate to treat cases involving one as controlling precedents for the other.
>
> The distinction between physical and regulatory takings also leads to a different accrual date for limitations. Generally, a cause of action accrues when a wrong produces an injury. In a regulatory taking, it is passage of the ordinance that injures a property's value or usefulness. But a physical taking causes injury when the property itself is taken.

*Lowenberg v. City of Dallas*, 168 S.W.3d 800, 801-02 (Tex. 2005) (citations omitted) (quoting *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 324 (2002)). The October 18, 2016 Final Order determined Plaintiff's home was a nuisance, unsafe for habitability in violation of the City's Property Maintenance Code, and the City was ordered to enter and demolish the property if Plaintiff did not bring it into compliance within 30 days. The property was taken from Plaintiff when the October 2016 Final Order went into effect.

[10] Plaintiff's original complaint, which is no longer the live pleading, claimed his home was demolished "on or about April 28, 2019" [Dkt. 1 at 4], but there is similarly no factual basis for this date in the pleadings either.

[11] Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings. *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952) (if the facts are "conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss"); *see U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015); *Stanford v. Kelley*, No. 4:21-CV-388-ALM-CAN, 2022 WL 670929, at *7 (E.D. Tex. Feb. 12, 2022), *report and recommendation adopted*, No. 4:21-CV-388, 2022 WL 657969 (E.D. Tex. Mar. 4, 2022).

often referred to as "collateral estoppel." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). The Fifth Circuit explains the doctrine of *res judicata* as follows:

> The term "res judicata" is often used to describe two discrete preclusive doctrines: res judicata and collateral estoppel. These doctrines relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. The bar prevents relitigation of all issues that were or could have been raised in the previous action.

*United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007) (internal citations, quotations, and alterations omitted). For *res judicata* to apply: "(1) the parties must be identical [or in privity] in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Sommer v. Wilmington Sav. Fund Soc'y, FSB*, No. 4:17-CV-300-ALM-CAN, 2018 WL 1956466, at *3 (E.D. Tex. Mar. 27, 2018) (quoting *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)), *report and recommendation adopted*, No. 4:17-CV-300, 2018 WL 1942774 (E.D. Tex. Apr. 25, 2018) (Mazzant, J.). "If these [] conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action." *Trevino v. Bank of N.Y. Mellon*, No. 1:19-cv-158, 2020 WL 826641, at *3 (S.D. Tex. Jan. 29, 2020) (quoting *JPMorgan Chase Bank, N.A. v. Shatteen*, 4:12-CV-579, 2015 WL 136629, at *3 (E.D. Tex. Jan. 7, 2015)), *report and recommendation adopted*, No. 1:19-cv-00158, 2020 WL 823804 (S.D. Tex. Feb. 19, 2020). In deciding the preclusive effect of prior litigation, the Court may take judicial notice of the relevant previous actions. *See Thomason v. Ala. Home Builders Licensure Bd.*, No. 2:19-CV-873-WKW, 2022 WL 1252378, at *1 (M.D. Ala. Apr. 27, 2022) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999)) (citation

omitted) ("Taking judicial notice of filings and orders in a previous action is authorized, especially for determining the preclusive effect of the prior case.").[12] "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

Defendants allege Plaintiff's litigation history shows the instant suit is barred by *res judicata*, but they do so without applying the requisite four elements to Plaintiff's prior cases. Indeed, the Parties' briefing on *res judicata* is minimal, with Defendants first noting "Plaintiff's nebulous claims and very poor handwriting," and posturing that nevertheless one can discern "Plaintiff's ire is consistently directed at the City of Plano and its various employees who[] were involved in the [Commission's October 2016 Order] and demolition of his property" and that "the same case of characters and [presumed] complaints are all involved – the core operative facts/issue being the demolition order" [Dkt. 11 at 23].

Upon review, while neither Chao I or Chao II are preclusive, Chao III (the State Court Case) does operate to bar Plaintiff's instant suit under *res judicata*. More specifically, regarding Plaintiff's two prior federal lawsuits filed in this District, neither case was a final judgment on the merits; therefore, the third *res judicata* element is not satisfied. Chao I was dismissed for lack of subject matter jurisdiction. *See Chao I*, No. 4:16CV53, 2016 WL 3542842, at *2 (E.D. Tex. June 29, 2016). Dismissals for lack of subject matter jurisdiction typically do not have preclusive effect. *See Gulf Inland Contractors, Inc. v. Hanover Ins. Co.*, No. CV 15-00458-BAJ-RLB, 2016

---

[12] This includes taking judicial notice of state court proceedings to determine their preclusive effect. *See Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (internal citations omitted) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)) ("The district court was allowed to take judicial notice of the public records in the three prior state court proceedings. It is apparent from those state court records that the earlier rulings preclude Kahn's current claims.").

WL 3645190, at *4 (M.D. La. June 30, 2016) (quoting *Oreck Direct*, 560 F.3d at 401 n.2) ("The Fifth Circuit has continuously held that jurisdictional dismissals are 'insufficient to serve as final judgments on the merits for res judicata purposes.'").[13]   Chao II similarly did not conclude with a final judgment on the merits.  Plaintiff dismissed his second lawsuit by filing a notice of voluntary dismissal.  *See Chao II*, No. 4:16-cv-00903-ALM-KPJ, ECF. No. 8.  Voluntary dismissals under Rule 41 do not have preclusive effect under *res judicata*.  *Miller v. Nationwide Life Ins. Co.*, No. 06-31178, 2008 WL 3086783, at *4 (5th Cir. Aug. 6, 2008); *see Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 215 n.2 (N.D. Tex. 2020) (in its *res judicata* analysis, "[t]he Court does not address these additional cases because Plaintiff voluntarily dismissed them.").[14]

Chao III, Plaintiff's State Court Case, however, constitutes a final judgment on the merits. State court judgments are given their full effect under the Full Faith and Credit Clause, and therefore, are also considered in the *res judicata* analysis.[15]   *Bonin v. Sabine River Auth. of Tex.*, No. 1:19-CV-00527-MJT, 2021 WL 3616651, at *5 (E.D. Tex. May 17, 2021), *report and recommendation adopted*, No. 1:19-CV-00527, 2021 WL 2766456 (E.D. Tex. July 2, 2021).  "In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment."  *Id.* (citing *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same

---

[13] "The basic rule that dismissal for lack of subject-matter jurisdiction does not preclude a second action on the same claim is well settled."  18A CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4436 (3d ed. Supp. Apr. 2022) (citing *Lopez v. Pompeo*, 923 F.3d 444, 447 (5th Cir. 2019)).

[14] Under Rule 41(a) without a court order, Plaintiff may voluntarily dismiss an action by filing a notice of dismissal, and such dismissal is without prejudice unless otherwise stated in the notice.  FED. R. CIV. P. 41(a)(1).

[15] "These are matters of affording full faith and credit to state court decisions and involve questions of law that do not permit variances based on a court's discretion or concerns regarding equity."  *Cox v. Nueces Cnty.*, 154 F. Supp. 3d 496, 501 (S.D. Tex. 2015) (citing 28 U.S.C. § 1738).  "[F]ederal courts ... asked to give res judicata effect to a state court judgment ... must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates."  *Jones v. Sheehan*, 82 F.3d 1334, 1338 (5th Cir. 1996) (citations omitted).

preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.")). "Because the prior judgment here comes from a Texas state court, Texas preclusion law applies." *Id.*[16]

In Chao III, the trial court granted the filed Plea to the Jurisdiction. The Fifth Court of Appeals thereafter dismissed Plaintiff's appeal and the Supreme Court of Texas denied Plaintiff's motion for rehearing, making the trial court's disposition and dismissal of Plaintiff's claims final [Dkt. 24-1]. A plea to the jurisdiction under Texas law has preclusive effects and subjects a later-filed lawsuit to preclusion under *res judicata*.[17] *Bonin*, 2021 WL 3616651, at *6 (quoting *Harmon v. Dallas Cnty.*, 927 F.3d 884, 890 (5th Cir. 2019)) ("the Fifth Circuit has repeatedly held that when a Texas state court grants a plea to the jurisdiction, that is a 'final judgment on the merits.'") (collecting cases); *see Mendoza v. City of Splendora*, No. CV H-21-820, 2022 WL 493597, at *2 (S.D. Tex. Jan. 18, 2022) (internal citations omitted) (citing *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 640-41 (Tex. 2004) (granting a plea to the jurisdiction in a case involving a governmental entity asserting immunity is to be considered a dismissal with prejudice)) ("upon Defendant's plea to the jurisdiction, a dismissal which constitutes a dismissal with prejudice and a final determination. Mendoza's claims are, therefore, also subject to dismissal on res judicata

---

[16] The elements of *res judicata* under Texas law are identical to those under federal law, though the inquiry is collapsed into three elements:

> Under Texas law, res judicata requires proof of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action."

*Cox v. Nueces Cnty.*, 839 F.3d 418, 421 (5th Cir. 2016) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

[17] Unlike a Rule 12(b)(1) motion under the Federal Rules, a plea to the jurisdiction under Texas law can assert immunities from suit and urge failure to state a claim, which can lead to a dismissal with prejudice. *See Caro v. City of Dallas*, No. 3:15-CV-1210-L, 2016 WL 397084, at *7 (N.D. Tex. Feb. 1, 2016) ("The crux of the plea to the jurisdiction was that Plaintiff could not establish a prima facie case of discrimination or retaliation, that the City, therefore, was immune from suit, and that the state court should dismiss Caro's lawsuit. . . . The state court necessarily had to determine whether Caro had set forth sufficient allegations or evidence to establish a prima facie case regarding her claim of discrimination and retaliation. As such, this court concludes that under applicable Texas law, the *Caro I* state court order is a final judgment on the merits and that the dismissal is with prejudice.").

grounds."), *report and recommendation adopted*, No. 4:21-CV-00820, 2022 WL 489469 (S.D. Tex. Feb. 17, 2022); *Caro v. City of Dallas*, No. 3:15-CV-1210-L, 2016 WL 397084, at \*7 (N.D. Tex. Feb. 1, 2016) (where trial court granted a plea to the jurisdiction, the "state court order is a final judgment on the merits and that the dismissal is with prejudice").

Here, the trial court's order granting the plea to the jurisdiction states Plaintiff's claims "relating to Docket No. 101816 Item 4 be, and they are hereby, dismissed with prejudice to the refiling of same" [Dkt. 24-1]. Chao III therefore constitutes a final judgment on the merits under Texas law for the purpose of *res judicata*. *See Tejas Motel, LLC v. City of Mesquite by & through Bd. of Adjustment*, No. 3:20-CV-01982-X, 2022 WL 524227, at \*3 (N.D. Tex. Feb. 22, 2022) (footnote omitted) ("to determine whether a federal takings claim is viable—including in considering a plea to the jurisdiction—a Texas court necessarily must consider the merits of the claim. Here, the Texas Court of Appeals . . . affirmed the trial court's order granting the plea to the jurisdiction and dismissed Tejas's claims. The Texas Supreme Court declined to review the case. So, the state court dismissal represents a final judgment on the merits.").

The other *res judicata* elements are also met upon consideration of Plaintiff's prior State Court Case. The state court was one of competent jurisdiction. *See Bonin*, 2021 WL 3616651, at \*6 ("Plaintiffs cannot, and do not argue that the state court that decided *Bonin I* lacked competent jurisdiction" because they brought and litigated the state court action). Additionally, the parties were the same or in privity with each other. *See E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996)) ("There are at least three ways in which parties can be in privity under Texas law: '(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party

to the prior action.'"). While the City of Plano was the only respondent to the State Court Case, the individual Defendants here are in privity with the City. *See Roa v. City of Denison*, No. 4:16-CV-00115-ALM-CAN, 2017 WL 9287012, at *11 (E.D. Tex. Aug. 29, 2017) ("The Individual City Defendants, while not named in the 2013 State Court Action, constitute 'parties' for purposes of res judicata.") (collecting cases), *report and recommendation adopted*, No. 4:16-CV-115, 2017 WL 4675062 (E.D. Tex. Oct. 18, 2017).[18] Further, the same claim or cause of action is involved. "[P]laintiffs in Texas are required to bring, in the initial suit, all possible claims arising out of the same 'transaction.'" *Cox v. Nueces Cnty.*, 839 F.3d 418, 421 (5th Cir. 2016) (citing *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 630-31 (Tex. 1992)). In Chao III, Plaintiff alleged Defendants had engaged in an unconstitutional taking of his property, and the state court dismissed these claims. These claims, now brought before this Court under § 1983, are barred by *res judicata*. *See Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9242333, at *5 (E.D. Tex. Oct. 18, 2016) (finding previous challenge to state order now brought as § 1983 claim barred because "res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that *could have been* litigated in the prior action."), *report and recommendation adopted*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 7320103 (E.D. Tex. Dec. 16, 2016), *aff'd*, 708 F. App'x 158 (5th Cir. 2017). Because all elements for *res judicata* under Texas law are met, Chao III, the State Court Case, is preclusive of the instant lawsuit. *See Cooper v. City of Dallas*, 402 F. App'x 891, 891 (5th Cir. 2010) (per curiam) ("The magistrate judge held that the state court judgment was a final judgment on the merits, that the defendants in

---

[18] This finding is limited to the extent Plaintiff sues the individual Defendants in their official capacities. Government employees sued in their individual capacities are not in privity with their public employers. *Warnock v. Pecos Cnty.*, 116 F.3d 776, 778 (5th Cir. 1997); *Benson v. City of Tex. City*, No. 3:13-CV-23, 2014 WL 948901, at *4 (S.D. Tex. Mar. 11, 2014). However, any individual capacity claims would still be barred by the two-year statute of limitations.

the state court action were identical or in privity with the defendants here, and that [plaintiff] could have raised the claims presented here in that state action.").

***Section 1983***

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

***No Constitutional Violation – Failure to State a Takings Clause Claim***

"The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment[,] provides that private property shall not 'be taken for public use, without just compensation.'" *Reynolds v. City of Commerce*, No. 3:19-CV-01577-E, 2020 WL 1915713, at *3 (N.D. Tex. Apr. 17, 2020) (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005)). "A maxim of takings jurisprudence holds that 'all property is held subject to the valid exercise of the police power.'" *City of Dallas v. Stewart*, 361 S.W.3d 562, 569 (Tex. 2012) (quoting *City of College Station v. Turtle Rock Corp.*, 680 S.W.2d 802, 804 (Tex. 1984)); *see Vulcan Materials Co. v. City of Tehuacana*, 369 F.3d 882, 893 (5th Cir. 2004) (quoting *LJD Properties, Inc. v. City of Greenville*, 753 S.W.2d 204, 207 (Tex. App.—Dallas 1988, writ denied)) ("Although it is fundamental that the government cannot destroy the property of private citizens at will and without justification, the government is given, through its police powers, the ability to abate public nuisances."). "Based on this principle, [courts] have long held that the government commits no taking when it abates what is, in fact, a public nuisance." *Stewart*, 361 S.W.3d at 569 & n.11 (citing *City of Texarkana v. Reagan*, 247 S.W. 816, 817 (Tex. 1923)) (collecting cases).

Compensation is therefore not required if the property constitutes a nuisance. *Id.* (citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1029 (1992)). "Thus, under federal law, even if the current value of the claimant's property has been destroyed, the claimant cannot recover if the 'background principles of the State's law of property and nuisance' would have prohibited that activity as a nuisance (the 'nuisance exception')." *Vulcan Materials Co.*, 369 F.3d at 892 (citing *Lucas*, 505 U.S. at 1029).

Defendant argues Plaintiff has not pleaded any of the elements required to show he suffered a taking of his property as protected by the Fifth Amendment, even after considering *Knick v. Twp. of Scott*, 139 S.Ct. 2162, 2167 (2019) [Dkt. 24 at 13]. Plaintiff's live complaint alleges only the bare conclusions that he "lost all of the [illegible] benefits of a home owner," that his property was destroyed, and that he was not allowed to enter his home [Dkt. 17 at 4, 6]. Plaintiff raises no factual allegation that any Defendant committed a taking that gives rise to a claim under the Fifth Amendment. Plaintiff has not alleged his property was taken for public use or that its demolition was for public use. *See Rodriguez v. City of Fort Worth*, No. 07-16-00037-CV, 2017 WL 6459532, at *5 (Tex. App.—Amarillo Dec. 8, 2017, no pet.) ("Rodriguez did not allege any facts demonstrating that demolition of his property was for public use."). Nor has Plaintiff alleged that the City's orders were not valid use of its police powers to declare structures a nuisance and unsafe, which fall outside of the Fifth Amendment Takings Clause. *See id.* ("The improvements on the property were found to be substandard and hazardous to public health; however, the owner was given the opportunity to bring those improvements up to code in order to prevent their demolition. When the improvements were not brought up to code, the public health hazard was removed. As such, Rodriguez's claims do not allege a constitutional takings claim."); *RBIII, L.P. v. City of San Antonio*, No. SA-09-CV-119-XR, 2010 WL 3516180, at *13 (W.D. Tex. Sept. 3, 2010) ("the

REPORT AND RECOMMENDATION – Page 17

structure fell within the 'nuisance" exception to required compensation under the Fifth Amendment.").

Attached to the live pleading is *Knick*, but Plaintiff does not explain how it provides him a cause of action, noting only that it is "new law" [Dkt. 17-1]. In *Knick*, the Supreme Court held exhaustion of state court remedies is not required prior to bringing a § 1983 claim. It held that a § 1983 takings claim is *ripe* to bring in federal court and state exhaustion is not itself an element of a takings claim, but it did not change any other element to state such a claim. *See Knick*, 139 S.Ct. at 2178 ("the state-litigation requirement has been a rule in search of a justification for over 30 years. We eventually abandoned the view that the requirement is an element of a takings claim and recast it as a 'prudential' ripeness rule.").[19] While *Knick* eliminated any requirement for exhaustion before a state court prior to filing a § 1983 claim, it does not change that Plaintiff must show that Defendants took his home for any "public use" that falls outside the nuisance exception, which he has not done.

### Failure to State a Municipal Liability Claim Against the City of Plano

In *Monell*, the Supreme Court held that municipalities and other local government entities are included among those persons to whom § 1983 applies. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability may be imposed "only where [the government entity] *itself* causes the constitutional violation at issue." *City of Canton*

---

[19] The Supreme Court held:

> If a local government takes private property without paying for it, that government has violated the Fifth Amendment—just as the Takings Clause says—without regard to subsequent state court proceedings. And the property owner may sue the government at that time in federal court for the "deprivation" of a right "secured by the Constitution." 42 U.S.C. § 1983.

*Knick*, 139 S.Ct. at 2170. While *Knick* overruled *Williamson County*, *see id.* at 2171, the precedent relied upon by for dismissal of Chao I and Chao II, it did not change any other required elements for stating a takings clause claim. *See id.* at 2177 ("We conclude that a government violates the Takings Clause when it takes property without compensation, and that a property owner may bring a Fifth Amendment claim under § 1983 at that time. That does not as a practical matter mean that government action or regulation may not proceed in the absence of contemporaneous compensation.").

*v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95) (emphasis in original).  A plaintiff suing a city under § 1983 "must show (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Newbury v. City of Windcrest*, 991 F.3d 672, 680 (5th Cir. 2021) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)) (internal quotation marks omitted).  "An official policy may arise either directly from an authorized policymaker's 'policy statement, ordinance, regulation, or decision,' or indirectly from a 'persistent, widespread practice' of non-policymaking municipal employees that 'is so common and well settled as to constitute a custom.'" *Reynolds v. City of Commerce*, No. 3:19-CV-01577-E, 2021 WL 268819, at \*3 (N.D. Tex. Jan. 27, 2021) (citing *Bennett v. Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (per curiam)), *aff'd*, 853 F. App'x 978 (5th Cir. 2021); *Piotrowski*, 237 F.3d at 579 ("Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations.").  Therefore, to survive dismissal, Plaintiff must describe the City's policy or custom and its relationship to the underlying constitutional violation with specific facts. *Thomas v. State*, 294 F. Supp. 3d 576, 608 (N.D. Tex. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)), *report and recommendation adopted*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018).  Plaintiff must also establish a "direct causal link" between the City's policy and the constitutional deprivation. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (quoting *Fraire v. City of Arlington,* 957 F.2d 1268, 1281 (5th Cir. 1992)).

Defendants argue Plaintiff has not come forward with "more than mere allegations establishing that his purported constitutional deprivations were caused by the application of an official policy, custom or practice" of the City and thus his amended complaint "is wholly lacking

any *Monell* claims" [Dkt. 24 at 15]. The Court agrees. The live pleading does not allege actionable conduct by the City nor any official policy or custom of the City that caused deprivation of Plaintiff's constitutional rights. Plaintiff's allegation that his home was demolished by Order of the Commission is not enough. *See Reynolds*, 2021 WL 268819, at *3 ("[Plaintiff] does not complain of any specific City ordinance. Instead, he complains that structures on his property were demolished, pursuant to the Commission's orders"); *see also Marshall v. Abbott*, No. 4:21-CV-384-SDJ-CAN, 2022 WL 671004, at *3 (E.D. Tex. Feb. 9, 2022) ("Plaintiff's live pleading does not identify any official policy or custom of the City that caused any alleged injury to Plaintiff."), *report and recommendation adopted*, No. 4:21-CV-384, 2022 WL 659144 (E.D. Tex. Mar. 4, 2022); *Bailey v. Willis*, 4:17-CV-00276-ALM-CAN, 2018 WL 3321461, at *8 (E.D. Tex. Jan. 11, 2018) ("Plaintiff's complaint makes no mention of any City of Frisco policy, whether formally adopted or arising from custom, that caused any alleged injury to Plaintiff. Absent such allegations, Plaintiff has failed to state a § 1983 claim"), *report and recommendation adopted*, 4:17-CV-276, 2018 WL 2126476 (E.D. Tex. May 8, 2018). Plaintiff objects to the Commission's hearing and its two Orders, but again, he does not allege this is the result of any unconstitutional custom or widespread practice of the City. *See Reynolds*, 2021 WL 268819, at *3 (citing *Amaya v. City of San Antonio*, 980 F. Supp.2d 771, 783 (W.D. Tex. 2013)) ("the [complaint] contains vague and conclusory allegations that [plaintiff's] rights were violated vis-à-vis the Commission's hearing and decision regarding his property, but fails to link either of those to any particular City policy or persistent and widespread practice."). Absent such allegations, Plaintiff has failed to plead a plausible § 1983 claim against the City of Plano, and such claim should be dismissed. *See Thomas*, 294 F. Supp. 3d at 609 (citing *Twombly*, 550 U.S. at 555) (internal citation omitted) ("Because Plaintiff relies on vague generalities and conclusions, she has not sufficiently alleged an official

policy or custom, which is a necessary element to municipal liability under *Monell*, and has therefore failed to nudge her claim across the line from conceivable to plausible.").[20]

Defendants also argue that it is equally clear that the City of Plano is not liable for its subordinates [Dkt. 24 at 15]. Section 1983 does not impose vicarious or *respondeat superior* liability on officials for their subordinates. *Bigford v Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). "Isolated unconstitutional actions by municipal employees typically do not trigger liability." *Ream v. City of Heath*, No. 3:14-CV-4338-B, 2015 WL 4393295, at *2 (N.D. Tex. July 16, 2015) (citing *McKee v. City of Rockwall*, 877 F.2d 409, 415-16 (5th Cir. 1989)). "A single discretionary action by a municipal official can constitute official policy under § 1983 if the municipal official had the authority to promulgate final municipal policy regarding the action ordered." *Lisle v. Plano*, No. 4:15-CV-372, 2016 WL 5415431, at *3 (E.D. Tex. Sept. 28, 2016) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1986)). But here, no individual Defendant is a "policymaker" for the purpose of municipal liability because, "[u]nder Texas law, the final policymaker for a city is the city council." *See Reynolds*, 2021 WL 268819, at *3 (quoting *Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016)). In this case, the City "empowered the Commission to, among other things, enforce ordinances related to dangerously damaged or deteriorated buildings or improvements." *See id.* The live pleading includes no allegations specific to any individual Defendants that they took any unconstitutional action or acted in the role of a policymaker for the City of Plano.[21] Thus, if Plaintiff seeks to impute liability upon the City for the actions of its

---

[20] Courts dismiss with prejudice § 1983 claims against a city that fail to satisfy the *Monell* elements. *See, e.g.*, *Aubrey v. D Mag. Partners, L.P.,* No. 3:19-CV-0056-B, 2020 WL 1469955, at *16 (N.D. Tex. Mar. 26, 2020) (dismissing § 1983 claims against the City of Dallas); *Max-George v. Houston Police Dep't*, No. H-17-2264, 2020 WL 6322283, at *4 (S.D. Tex. Oct. 28, 2020).

[21] Defendant Israelson, the City Manager, is not a final policymaker for the Plano City Council pursuant to the City of Plano Code of Ordinances:

> The municipal government provided by this charter shall be known as the "council-manager government." Pursuant to its provisions and subject only to the limitations imposed by the state constitution, the statutes of this state and by this charter, all powers of the city shall be vested in an

employees, he cannot do so on the live pleading.

### *Failure to State a Claim Against Individual Defendants*

"It is well-settled that a plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights." *Bey v. Hood*, No. 6:19-CV-00227-JDK, 2020 WL 3039147, at *7 (E.D. Tex. Mar. 30, 2020) (citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)), *report and recommendation adopted*, No. 6:19-CV-00227-JDK-JDL, 2020 WL 3026292 (E.D. Tex. June 5, 2020).  Plaintiff alleges no personal involvement [Dkt. 17 at 2]; indeed, as to Defendant Israelson, Schwarz, and Watson, beyond including them as a defendant and describing their job function, Plaintiff never again mentions them.  As to Lussier, there is only a conclusory comment that "[h]e oversaw all the activities at my house" [Dkt. 17 at 2].[22]  Defendants urge Plaintiff's allegations are insufficient; the Court agrees.  The absence of any allegations of personal involvement requires the dismissal of Defendants Isrealson, Shwarz, Watson and Lussier.

---

elective council, hereinafter referred to as the "city council," which shall enact local legislation, adopt budgets, *determine policies and appoint the city manager, who in turn shall be held responsible to the city council* for the execution of the laws and the administration of the government of the city.

Plano, Tex., Code of Ordinances, art. 1, § 1.01 (2022) (emphasis added).  At the time of the actions complained of, the Code in force included this section verbatim.  *See id.* (Nov. 30, 2015).

[22] The pleading does not state whether Plaintiff sues the Individual Defendants in their individual capacities, official capacities, or both.  "[T]he distinction between official-capacity suits and personal-capacity suits is more than 'a mere pleading device.'"  *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (citing *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 71 (1989)).  If Defendants are sued in their official capacities, Plaintiff's claims against them should still be dismissed. Official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent." *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  Therefore, "a § 1983 suit naming defendants only in their 'official capacity' does not involve personal liability to the individual defendant."  *Id.*  The City of Plano is a named Defendant in this case, so any official capacity claims against Defendants Israelson, Schwarz, Lussier, and Watson are redundant and should be dismissed.  *See Foerster v. Bleess*, No. 4:20-CV-1782, 2020 WL 6588731, at *5 (S.D. Tex. Oct. 16, 2020) (citations omitted) (citing *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)) (dismissing § 1983 claim because the "[p]laintiff's claims against [employee] in his official capacity should be dismissed as redundant" where the plaintiff "is already bringing the same claims against the governmental entity.").

***Futility of Amendment***

Plaintiff has already amended his complaint.  In fact, the Court ordered Plaintiff to file an amended complaint, giving him numerous opportunities to get his amended complaint on file [Dkts. 4; 12; 16].  *See Butler v. S. Porter*, 999 F.3d 287, 298 (5th Cir. 2021) (denying amendment where "[plaintiff] had been given numerous opportunities to amend his complaint.").  The Court identified deficiencies in the original complaint and directed Plaintiff to address these considerations so the Court could evaluate his claims [Dkt. 4 at 2].[23]  Plaintiff has had multiple opportunities to plead his best case.  No further amendment is warranted.  *See Roland v. Texas*, No. 4:21-CV-415-SDJ-CAN, 2022 WL 1192781, at *9 (E.D. Tex. Jan. 26, 2022) ("a pro se plaintiff need not be permitted leave to amend" where the claims are "fatally infirm"), *report and recommendation adopted*, No. 4:21-CV-415-SDJ, 2022 WL 622320 (E.D. Tex. Mar. 3, 2022); *Smallwood v. Willow Way, LLC*, No. 3:19-CV-1708-B-BN, 2019 WL 7040450, at *5 (N.D. Tex. Nov. 12, 2019) ("[t]he conclusion that the claims in this action are barred by res judicata also means that leave to amend should be denied as futile."), *report and recommendation adopted*, No. 3:19-cv-1708-B, 2019 WL 7040254 (N.D. Tex. Dec. 20, 2019); *Rodriguez*, 2017 WL 6459532, at *6 (denying leave where plaintiff cannot cure "defects concerning a takings claim because he cannot establish the City demolished his property for public use.").

---

[23] More specifically, Plaintiff was ordered to state in his amended pleading:
  (1)  Each defendant against whom Plaintiff asserts a claim;
  (2)  Each specific claim or claims asserted against each defendant;
  (3)  The statutory and factual basis for each claim asserted as to each defendant, including how *Knick v. Township of Scott, Penn.*, 139 S.Ct. 2162 (2019), provides a basis for relief;
  (4)  The relief sought in connection with the claim or claims asserted against each defendant; and
  (5)  How Plaintiff's prior cases in the Eastern District of Texas are related, if at all, to his instant suit.
[Dkt. 4 at 2].

## CONCLUSION AND RECOMMENDATION

The Court recommends Defendants' Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) [Dkt. 24] be **GRANTED**, and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 16th day of August, 2022.**

_____

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE